UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH A. DAVIDSON,
                Plaintiff,

                              **ANSWER**

        -against-                      Index No.:  08-cv-03036 (RSJ)

THE LA GRANGE FIRE DISTRICT and
THE BOARD OF FIRE COMMISSIONERS OF
LA GRANGE FIRE DISTRICT,

                Defendants.

---

The defendants, **The LaGrange Fire District and The Board of Fire Commissioners of LaGrange Fire District,** by and through their attorneys, Maynard, O'Connor, Smith & Catalinotto, LLP, answer the Complaint of the plaintiff herein:

    1.    Denies the allegations contained in paragraphs "1", "2","3", "4", "5",  of the initial complaint, such paragraph numbering by the plaintiff being duplicative after the "Purpose" and "Preliminary Statement".

    2.    Admit that defendants place of employment is within the State of New York, Dutchess County, but deny knowledge or information sufficient to form a belief as to each and every other allegation in paragraph "5" of the Complaint under "Jurisdiction and Venue".  The remainder of this Answer is responsive to the paragraphs found in the complaint after "Jurisdiction and Venue" numbered paragraphs.

    4.    The responding defendants deny each and every allegation in paragraph "3" and "4" under "Jurisdiction and Venue".

    5.    The responding defendants admit that their place of employment is within the State of New York and County of Dutchess, deny knowledge or information sufficient to form a belief as

to the allegation that the plaintiff resides within Dutchess County and the State of New York and deny each and every other allegation in paragraph "5".

6. The responding defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", 19", "23", "25", "31", "32", "35", "38", "40", "48", "51", "52", "53", "54", "57", "58", "62", "63, "69", "72", "76", "78", "80", "85", "88", "91", "92", "95", "101", "110", "111", "115", "116", "117", "123", "124", "125", "126", "127", "128", "129", "130", "133", "137", "144", "145", "149", "152", "153", "167", "170", "181", "190", "200", "210", "213", "217", "220", and "234" of the Complaint.

7. The responding defendants admit the statements in paragraphs "7", "8", "22", "28", "46", "60", "64", "70", "75", "76", "77", "79", "82", "84", "86", "99", "100", "112", "114", and "221" of the Complaint.

8. The responding defendants admit that paramedics advanced level certification classes are paid for by the District, but deny each and every other allegation in paragraph "68" of the Complaint.

9. The responding defendants deny each and every allegation in said Complaint not otherwise herein specifically admitted or denied, but deny each and every other allegation in paragraph "68".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. Plaintiff has waived any litigation, or actions against the defendants by accepting Workers' Compensation Benefits for her work related injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. Whatever injuries plaintiff may have sustained at the time and place alleged in the complaint were caused in whole or in part, or were contributed to by the culpable conduct and want

of care on the part of the plaintiff, or by someone over whom the answering defendant had no control, and without any negligence or fault or want of care on the part of the answering defendant, and the plaintiffs with awareness of the risks associated with the activity in question, assumed the risk thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. That the action was not commenced within one year after the cause of action arose and is therefore barred by the Statute of Limitations contained in the applicable statutes.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. That the Court lacks jurisdiction over the subject matter of this litigation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. That in entering upon the activity in which the plaintiffs engaged at the time of the happening of the accident set forth in the plaintiffs' complaint, plaintiff knew the hazards thereof and the inherent risk to such activity and had full knowledge of the methods to be used in the performance of such activity and the danger thereof; whatever damages and injuries were sustained by plaintiffs as alleged in the complaint herein arose from, and were caused by, such risks of the said activity and such risks were accepted and assumed by the plaintiffs upon entering into and continuing in such activity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. That the allegations contained in the Complaint constitute hearsay and contain inflammatory and baseless allegations not material or relevant to the Complaint of the plaintiff and must be stricken from the Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

16. That it was objectively reasonable in light of the absence of clearly established law for each and every individual defendant to believe that his acts did not violate plaintiff's constitutional rights.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

17. That the complaint fails to state a cause of action.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

18. That the action was not commenced within three years after the cause of action arose and is therefore barred by the Statute of Limitations contained in the applicable statutes.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

19. That there was no malice, intent, or design on the part of the answering defendant to injure the plaintiffs.

20. That the conduct of the answering defendant was not extreme or outrageous.

21. That any actions on the part of the answering defendant was justified.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

22. Whatever injuries and damages may have been sustained by plaintiff were sustained by reason of plaintiff's own intentional and wrongful conduct.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

23. Plaintiff is not entitled to recover the punitive damages demanded in the Complaint as the awarding of such damages would be in violation of the answering defendant's rights under the Constitution of the United States of America and the Constitution of the State of New York, and more particularly, but not exclusively, in violation of the answering defendant right to substantive and procedural due process.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

24. That plaintiff's claims against defendants are barred by her failure to timely file a charge concerning said claims with the United States Equal Employment Opportunity Commission or the New York State Division of Human Rights.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

26. Any and all actions taken by this answering defendant with respect to plaintiff's employment and the terms and conditions of her employment were non-discriminatory and were based on good faith, legitimate business considerations and not in violation of any Federal or State statute, regulation, rule, ordinance or the New York Constitution, prohibiting discrimination based on sex, retaliation or any other protective activity. Accordingly, plaintiff is barred from recovering in this action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

27. All actions taken by this answering defendant with respect to plaintiff's employment and the terms and conditions of her employment were made in good faith and without any malice and without any intent to injure or harm her.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to mitigate any of her alleged damages, and to the extent of such failure to mitigate, any damages awarded to plaintiffs should be reduced accordingly.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff has failed to exhaust her administrative remedies prior to commencing this action and, accordingly, their claims are barred.

### AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

30. Plaintiff has failed to aver in her Complaint facts which give rise to an intentional or negligent infliction of emotional distress theory of recovery and, accordingly, their claims are barred.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

31. This answering defendant's actions with respect to plaintiff's employment were in all respects lawful, proper, reasonable and appropriate under the circumstances.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

32. That plaintiff's claims in this action are barred because of the presence of an effective grievance procedure which was both known and available to plaintiff to address and remedy any alleged complaints she may have had.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

33. That defendants did not engage in any pattern of conduct that created a hostile environment for the plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

34. That defendant did not engage in a pattern of conduct that created a hostile working environment as to plaintiff.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

35. That defendant did not engage in any conduct sufficiently severe or pervasive so as to alter the conditions of the plaintiffs' environment.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

36. That defendant did not engage in any conduct that was sufficiently severe or pervasive to alter the condition of plaintiff's employment environment.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

37. Defendant exercised reasonable care to prevent and promptly correct any alleged harassing behavior.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

38. The plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities made available to her.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

39. That plaintiff consented to any contact between plaintiff and defendant.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

40. That the plaintiff instigated and provoked any contact between herself and defendants.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

41. Plaintiff's employment was in all respects lawful, proper, reasonable and appropriate under the circumstances.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

42. That plaintiff's claims in this action are barred because of the presence of an effective grievance procedure which was both known and available to plaintiff to address and remedy any alleged complaints she may have had.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

43. That this answering defendant did not engage in any pattern of conduct that created a hostile environment for the plaintiff.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

44. That defendants did not engage in a pattern of conduct that created a hostile working environment as to plaintiff.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

45. That defendants did not engage in any conduct sufficiently severe or pervasive so as to alter the conditions of the plaintiff's environment.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

46. That this answering defendant did not engage in any conduct that was sufficiently severe or pervasive to alter the condition of plaintiff's employment.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

47. This answering defendants exercised reasonable care to prevent and promptly correct any alleged discriminating behavior.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

48. The plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities made available to her.

DATED:   May 20th, 2008

MAYNARD, O'CONNOR, SMITH
& CATALINOTTO, LLP

BY:  s/Anne-Jo Pennock McTague
Anne-Jo Pennock McTague
Bar Roll AM8765
Attorneys for Defendants
*LaGrange Fire District and*
*The Board of Fire Commissioners of*
*The LaGrange Fire District*
6 Tower Place
Albany, New York  12203
(518) 465-3553

TO:   Louis D. Stober, Esq.
Bar Roll LS 9318
Law Offices of Louis Stober, Jr. LLC
350 Old Country Road
Garden City, New York 11530
(516) 742-6546                                                            344888

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DEBORAH A. DAVIDSON,

        Plaintiff,

   -against-            Index No.:  08-cv-03036 (RSJ)

THE LA GRANGE FIRE DISTRICT and
THE BOARD OF FIRE COMMISSIONERS OF
LA GRANGE FIRE DISTRICT,

        Defendants.
_____

CERTIFICATE OF SERVICE

  I, **Joan A. Hallenbeck**, hereby certify that on May 20th, 2008, I electronically filed a n Answer to the Complaint on behalf of the defendants, **LaGrange Fire District and The Board of Fire Commissioners of The LaGrange Fire District** with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

 Louis D. Stober, Esq.
 Bar Roll LS 9318
 Law Offices of Louis Stober, Jr. LLC
 350 Old Country Road
 Garden City, New York 11530
 (516) 742-6546
 lstober@stoberlaw.com

 And, I hereby certify that I mailed by the United States Postal Service the document to the following non-CM/ECF Participants:

 None

                    s/Joan A. Hallenbeck
                    Joan A. Hallenbeck

Sworn to before me this 20th day
of May, 2008.

 s/Margaret E. Nicholas
Notary Public - State of New York
Commission Expires 2/28/2010